[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE DEFENDANTS' CLAIM FOR ATTORNEYS' FEES
The jury returned a verdict of $2,000 for defendants on the C.G.S. 42-110a et seq., Connecticut Unfair Trade Practices Act (CUTPA) count of their counterclaim, the second count. In addition the jury answered interrogatories in regard to that claim as follows:
"II. The Defendants' Claim under the Connecticut
Unfair Trade Practices Act
 1. Did the conduct of Lew-Ar Associates, Inc. constitute an unfair or deceptive act or practice?
Yes x No ____
 2. If the answer to question No. 1, immediately above, is "yes", did the plaintiff's conduct cause the Pawlirzyns ascertainable loss and damages? If so, what is the amount of these damages?
$2,000.00
 3. If the answer to question 1, above, is "yes", then do you instruct the court to award the Pawlirzyns attorneys' fees?
Yes x No ____"
Defendants now claim attorneys' fees under 42-110g(d) which in pertinent part reads as follows:
 (d) In any action brought by a person under this section, the court may award, to the plaintiff, in addition to the relief provided in this section, costs and reasonable attorneys' fees based on the work reasonably performed by CT Page 6873 an attorney and not on the amount of recovery.
Even in a jury case it is the court's function to address that claim. Gill v. Petrazzuoli Bros., Inc., 10 Conn. App. 22,30.
Defendant has submitted an affidavit in regard to the attorneys' fees charged by the law firm of O'Connell, Flaherty and Attmore for the entire matter, i.e. plaintiff's claims in its complaint, defendants' non-CUTPA counterclaims, their CUTPA claim, and the defense of the plaintiff's counterclaim. The affidavit includes post-trial effort. The statute allows awards of attorneys' fees to the winning CUTPA claimant including post-trial work, id 33-34. The plaintiff accepts the authenticity and accuracy of the statements of services and the times as set forth in the affidavit.
The affidavit gives little aid to the court as to specific services that relate solely to the CUTPA claim but this court has, at some length, examined the pleadings and it has heard all the evidence. The facts pled and the facts proven by defendants for the CUTPA claim are in great part the same as those necessary to prove its two other counterclaims and its special defense to the plaintiff's complaint.
Taking into consideration the skills of defendants' counsel so clearly demonstrated at trial, the obvious thorough preparation which must have been done, the jury's verdict and answers and the statutory requirement for a liberal application of the statute the court awards attorney fees to defendants solely in regard to their CUTPA claim of $19,668.
O'Neill, J.